UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT of OKLAHOMA

MATTHEW W. BARNETT, pro se )
                  Plaintiff )
                             )   CIV 20       118
                             )
        -VS-                  )   CASE No:
                             )
                             )                        HE
JESUS HOUSE,                 )      FILED
MIKE BATEMAN                 )
        and                  )        FEB 1 0 2020
JOHN DOE, et.al.             )     CARMELITA REEDER SHINN
        Defendants.          )  BY  CLERK, U.S. DISTRICT COURT
                             )              DEPUTY

COMPLAINT FOR A CIVIL CASE

I.   The Parties to This Complaint

     A. The Plaintiff

        Matthew W. Barnett Apt 112
        437866 E. HWY 60
        Vinita Craig County
        Oklahoma 74301

B. The Defendants

Defendant No. 1
Jesus House
A drug rehab, mental health facility
a homeless assistance
1335 W. Sheridan Ave
Oklahoma City, Oklahoma County
Oklahoma 73106

Defendant No. 2
Mike Bateman
Executive Director of Jesus House
1335 W. Sheridan Ave
Oklahoma City, Oklahoma County
Oklahoma 73106

Defendant No. 3
John Doe
Caregiver employed by Jesus House
John Doe will properly be named
through discovery
1335 W. Sheridan Ave
Oklahoma City, Oklahom County
Oklahoma 73106

II. Basis for Jurisdiction

The basis for Federal question Jurisdiction

A. Jurisdiction is a Federal question

The specific federal statute
involves Title III of the American
Disability Act ("ADA") Defendant
Jesus House offers private bus ("PUBLIC")
rides is a homeless shelter which
offers help for the homeless, drug
addicts and persons with a mental
illness, These along with other
services are public accommodations,

B. Jurisdiction of Pendeant Party.

The specific Pendeant Party Jurisdition
is brought before this Court's power
to adjudicate this claim against
Defendants who would otherwise
not be subject to the Jurisdition of
this Federal Court, because the
claim arose from a common
nucleus of operative fact. In
otherwords the Plaintiff's State
Claim against Defendants as it
is related closely enough to his
Federal claim, the same as
supplemental jurisdiction. The
Plaintiff will show his disability
rights were denied public accodations.

-3-

I. The Amount in Controversy

The amount in Controversy-the amount the Plaintiff Claims the Defendants owe or the amount at stake- is more than $75,000, not Counting interest and Cost of Court.

III. Statement of Claim

Plaintiff proceeds pro se and is now left to Fend for himself. Accordingly, "pro se Complaint[s] however inartfully pleaded; [are] held to 'less stringent standards' than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519.

1. Upon proper discovery Plaintiff will give proper dates, however, at this time to the best of Plaintiff memory Contends that on or around August 3rd 2019 he was admited into The Family & Children's Services Crisiscare for among other relevant medical reasons thoughts of suicide, emotional distress, mental anguish and homelessness. It is also worth noting that the Family & Children's Services Crisiscare in part diagnosed Plaintiff to be that of depression with loss of interest in activities. The Crisiscenter stated this Could lead further to physical, social and emotional harm.

-4-

2. It must be noted that after the Family & Children's Crisiscare Center located another crisis facility to transfer Plaintiff. This took around 6 days. It must be noted upon discovery the proper name of this mental health facility will be given along with exact dates. However, let it be know after a road 6 days at this second crisis Center which is located in Oklahoma City, Oklahoma Plaintiff's Case manager and caregives asked Plaintiff if he would be willing to transfer to the Jesus House (Defendants). Before Commitment he requested written information about the Jesus House (Defendants).

3. Plaintiff received Jesus House (Defendants) written Community services which they offer to the Community. Jesus House (Defendants) is a recovery program for men and women experiencing homelessness, addition and mental health issues. They offer to be a life Transformation Program and state Connecting resident-guests with medical services, mental stability, medical care prescription assistance and Counseling. In addition they state our resident-guests must be functioning adults Capable of living in our Facility, taking their own medications as prescribed by their own physicians and attending Social services and medical appointments scheduled by Case managers (caregivers) from outside organizations. To do this they offer the necessary ride to do so. It must be noted these are public accommodations under A D A.

-5-

Plaintiff was denied all these public accommedations and denied his rights as found under Title 111 of the American Disability Act ("ADA"). The Jesus House ("Defendants") is in fact and law a place of public accommodation through discovery facts will establish much more.

It is important to call The Jesus House ("Defendants") appropriately a "system" of services.

## STATEMENT OF FACTS

On or around September 1 2019 Plaintiff did accept Defendant's system of services. He was given a ride to the Jesus House ("Defendants"). He was taken into their In-take room along with his medication and clothes. Defendants employees immediately took all his medications and clothes. These employees for Defendant Stated they will hold on to all his medication and issue it out based on what the prescription bottle states. These employees Stated they will make sure he get to his Doctors appointments, make sure his medications are refilled, make sure he gets to his social service appointments, they will help him with his mental health issues and offer safety plans for his seizures. Plaintiff was given the top bunk which is five feet off the ground.

When Plaintiff first entered into the Defendants program he had a 3 week supply of all

-6-

his prescription meds, In between those 3
weeks Plaintiff had made prior appointments
to see a Doctor so his prescriptions would be
refilled on time, He also had appointments with
mental health to help him with homelessness,
stress, physical, emotional and psychological
problems.

After about 3 weeks into the program he
ran out of all his medications, Plaintiff told
Defendant John Doe prior to that, that he would be
out of his medication and has already made
appointments to see a Doctor and other outside
organizations to get the help he needed.

On the day he was to get a ride to have
his medications refilled and see mental health
about his suicidal thoughts, Defendant John Doe
called Plaintiff to his office and stated to Plaintiff
he was not going to let him go, he was not given
the ride needed to do what needed done on that day,
Defendant John Doe stated he wont let Plaintiff
receive such services for another 5 days. At that
time Plaintiff explained his Phenyton keeps him
from having seizures and without that medication
he will have a seizure. Defendant John Doe
simply stated "You cant go." At that point Plaintiff stated
he will get himself to his appointments. Defendant
John Doe stated if you do he will remove Plaintiff

-7-

from the program and will not have a place to
stay. Plaintiff's anxiety started building up, he
became fearful of a seizure, became depressed,
stress built up, Knowing he now was going to be
homeless again just because he needed medical
treatment. Plaintiff prior injuries that got him
admitted into the Family & Childrens Crisis center
started up again. Based on Plaintiff's Known
past seizures and the thoughts of fear he was
having he left at midnight one day later.

Plaintiff had to go rent a motel so
he could make calls for medical care. Three
days cost of a motel plus a cab ride cost him
$200. On the 3rd day Plaintiff had a seizure
and was admitted through the emergancy room.
After hours in the E.R. bed Plaintiff was then
admitted into the hospital for suicidal thoughts.

Plaintiff believes because of his disability
Defendant John Doe refused him services and
accommodations which Defendant Jesus
House offer. Plaintiff sustained a tramatic
brain injury in 2004 as a result of his tramatic
brain injury he has difficulty in communication
with others who are not trained to treating people
with such brain injuries. Be that as it may, that
did not give Defendant John Doe any right to deny
services or accommodations to Plaintiff.

Plaintiff Contends Defendant Jesus
House and other Defendants and employees which
are employed by the Defendant Jesus House took
on the legal duty as a Caregiver.

It is important to Know that the allegations
made within his Statement of Claim and statement
of facts arose to the level of state and federal claims.
In other words arose from a Common Nucleus of
operative facts. It is for all these facts Plaintiff
Contends each Count herein below each are state
and federal claims. Plaintiff alleges the following:

## COUNT I
## NEGLIGENCE

COMES NOW the Plaintiff acting pro se and
left to fend for himself for Count I states alleges
and avers as follows To WIT:

1. Plaintiff restates, realleges and recivers
each and every allegation Contained within his
Statement of Claim and statement of facts as if set
fourth movefully herein in heca Verba and in
addition alleges.

2. Plaintiff Contends when reading the
Services that Defendant Jesus House offers to
resident-guests they then take on the responsibility

of a Caregiver.

      3. Defendants as a Caregiver offer:
        (A) Assess medical needs;
        (B) Assist with basic needs;
        (C) Monitor Medications;
        (D) Prepare a Care plan;
        (E) Transportation to Doctors, Mental
          Health, and Pharmacy just to state
          a few;
        (F) Completing errands.

    It must be noted Defendant John Doe failed in their duties when he refused to let Plaintiff get a ride to his Doctor, refile his seizure and highblood presure medications. This also says Plaintiff was denied public accommodations.

    4. Defendant Jesus House holds themself up to be a recovery program and is specifically tailored to meet the "needs" of men and women who are experiencing homelessness, mental illeness, addiction and other needs alleged hereabove, parg three (3)(A) thru (F). When Defendant John Doe refused to let Plaintiff see a Doctor and get his seizure and highblood presure medication Defendants then became negligent and failed in their expectations. As a direct and proximate result Plaintiff sustained a Grand Mal seizure.

5. Defendants neglicting their duties caused Plaintiff to fall back into depression, fear, worry, fright, hopelessness, stress and repeated thoughts of suicide. Plaintiff ended up in a hosppital emergency room and then admitted into their mental health rooms with suicidal thoughts.

6. Plaintiff contends Defendant John Doe neglicted his Caregiver duties, his employment duties owed the Plaintiff which did cause harm and injuries to the Plaintiff as stated in pargs three (3)-(A)thru(F) thru Five (5).

7. Defendants Jesus House and Defendant Mike Bateman are liable for Defendant John Doe's acts of ommission under respondeat superior as well as vicarious liability for Defendant John Doe's ommissions. Furthermore, Defendants Jesus House and Defendant Mike Bateman knew or should have known of Defendant John Doe's acts of ommission through Plaintiff's filing a hand written grievance on the date he was denied a ride to get his medications refiled.

8. Defendants Jesus House and Defendant Mike Bateman failed to have Defendant John Doe trained in caregiving and to help with the needs of Plaintiff.

9. It must be noted Plaintiff is now and was during all time relevant an elderly at age 60 and on Social security Disability relying on Defendants Care For his basic lifes needs.

10. Plaintiff Contends that the fact he was denied public services as he expected to receive from Defendants Constitutes both state and Federal claims, To WIT:

(A) Withholding medical treatment. This primary goal of medical treatment is to benefit the Plaintiff by restoring or maintaining the Plaintiff's health as far as possible, maximising benefits and minimising harm; withholding of treatment is a decision to allow a disease to follow its natural Course, which in this Case is a forseeable seizure which my result in Plaintiff's death;

(B) Defendants each owed Plaintiff a Fiduciary duty as an legal and/or ethical relationship of trust and to take Care of Plaintiff's medical needs, Defendants had an obligation to do what they say they will do.

-12-

In other words Defendants
Fiduciary responsibility refers
to the obligation that Defendants
has in relationship with Plaintiff
to act entirely on the Plaintiff's
behalf and best interest.

(c) Medical Neglict is a Substandard care
thats been provided by Defendant
John Doe to the Plaintiff, which has
directly caused hos seozure (an injury)
and the same caused an existing condition
to get worse (i.e., Plaintiff thoughts of
Surcide, depression, homelessness and
more emotional and mental pain
and suffering) The 3 elements of a
negligence claim are:

(i) Duty-The defendant owed a legal
duty to the plaintiff under the
circumstances;

(ii) Breach-The defendant breached
that legal duty by acting or failing
to act in a certain way:

(iii) Causation-It was the defendants
actions (or inactions) that actually
caused plaintiff's injury (ie., seizure).

-13-

Example: A mother fails to help her child cross the street. If the child strays into traffic and is injured, the mother's inaction is negligence in causing harm to the child. Here Defendants failed to get Plaintiff his seizure medication, Plaintiff became fearful of a seizure and in fact had a seizure, Defendants inactions is negligence.

It must be noted a duty of care is a legal obligation which is imposed on an individual requiring adherence to a standard of reasonable care while performing any act that could forseably harm others. It is the first element that must be established to proceed with an action in negligence.

Plaintiff's Grand Mal seizures cause him to fall to the ground, cause violent muscle constractions, loss of consciousness, body stiffens, jerking, shaking and hits his head against everything around him. Defendants let that happen.

Furthermore, Defendants actions and/or inactions establish adult, elderly, and medical abuse in that they failed to provide a health care plan and/or any sort of safety precautions which will be morefully alleged hereinbelow in additional counts.

THEREFORE, Plaintiff can prove negligence against Defendants. This Court will find and recognize

all elements to his negligence action; duty, breach, proximate cause and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment against each Defendant jointly, severally and individually in the following manner, TO WIT:

1. Plaintiff request actual compensatory damages in the sum which will later be shown through medical bills for:

(A) Emergency medical bills;
(B) Hospital bills;
(C) Medical treatment bills;
(D) Doctor bills;
(E) Rehabilitation bills;
(F) Ambulance bills.

2. Plaintiff request $75,000, in general damages for:

(A) Loss of enjoyment for life;
(B) Pain and Suffering for Seizures;
(C) Mental and emotional anguish;
(D) Emotional distress;
(E) Emotional trauma;

(F) Fear, fright, anger, worry, loss of
sleep;
(G) Failure to train;
(H) Negligent caregiver;
(I) Breach of Contract and agreement;
(J) Intentional Violation of Title 111
of The Americans Disability Act
(ADA);
(K) Creating homelessness;
(L) Denied public Services and
accommodations.

3. Plaintiff request $75,000, in punitive
damages

(A) To punish Defendants for their
outrageous conduct and/or to
reform or deter the Defendants
and others from engaging in conduct
Similar to that which formed the
basis of this lawsuit.

## COUNT II
### WITHHOLDING MEDICAL TREATMENT

COMES NOW the Plaintiff acting pro se and
left to fend for himself for Count II States, alleges
and avers as follows, To WIT:

11. Plaintiff restates, realleges and reavers each and every allegation contained within his Statement of Claim, his Statement of Facts and parg two (2); parg three (3)-(A) thru (F); parg Four (4); and parg five (5) of Count I as if set forth morefully herein in heca verba and in addition alleges:

12. Plaintiff contends Defendant John Doe's withholding medical treatment for him is the direct and proximate cause of his Grand Mal seizure, his emotional, mental and physical injuries and damages morefully stated in parg five (5) of Count I.

13. Plaintiff contends that Defendant John Doe's actions and/or inactions as alleged for Count II caused Plaintiff's depression, mental and emotional stress, brought about his homelessness which brought back thoughts of Suicide and all other physical, emotional, mental and injuries which brought about his prior admission into the Family and Children's Crisiscare Center in Tulsa, Oklahoma. In other words a reoccuring injury.

14. Defendants Jesus House and Defendant Mike Bateman are liable for Defendant John Doe's acts of ommission under respondeat superior as

-17-

will as Vicarious liability for Defendant John Doe's ommissions.

15. That withholding medical treatment is the primary goal of medical treatment is to benefit the Plaintiff by restoring or maintaining the Plaintiff's health as far as possible, maximising benefits and minimissing harm. Defendants did just the opposite.

> Withholding of treatment is a decision to allow a disease to follow its nature course. In otherwords to intentionelly refuse Plaintiff to have his seizure medication is to allow Plaintiff to have a seizure.

> (A) Plaintiff contends all the above constitute both a State and federal claim.

THEREFORE, Plaintiff can prove Withholding medical treatment, resulting in injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment against

-18-

each Defendant jointly, severally and individually
in the following manner, To WIT:

1. Plaintiff request actual Compensatory
damages in the sum which will later be shown through
medical bills for:

(A) Emergancy medical bills;
(B) Hospital bills;
(C) Medical treatment bills;
(D) Doctor bills;
(E) Rehabilitation bills;
(F) Ambulance bills.

2. Plaintiff request $75,000, in general
damages for:

(A) Loss of enjoyment of life;
(B) Pain and suffering for seizures;
(C) Mental and emotional anguish;
(D) Emotional distress;
(E) Emotional trauma;
(F) Fear, fright, anger, worry, loss of
        sleep;
(G) Failure to train;
(H) Negligent Caregiver;
(I) Breach of Contract and agreement;
(J) Intentional Violation of Title III of The
        Americans Disability Act (ADA);

-19-

(K) Creating homelessness;
(L) Denied public Services and
accommodations.

3. Plaintiff request #75,000, in punitive
damages:

(A) To punish Defendants for their
outrageous Conduct and/or to
reform or deter the Defendants
and others from engaging in Conduct
similar to that which formed the
basis of this lawsuit.

## COUNT III
### ADULT AND/OR ELDERLY ABUSE

COMES NOW the Plaintiff acting pro se and
left to fend for himself for Count III, States, alleges
and avers as follows, To WIT:

16. Plaintiff restates, realleges and reavers
each and every allegation Contained within his
Statement of Claim, his Statement of Facts and
parg two (2); parg three (3)-(A)thru(F), parg four
(4); parg five(5); parg six(6); parg seven(7), parg eight
(8); and parg nine (9) of Count I; In addition parg
twelve (12); parg thirteen (13); parg fourteen (14) and
parg fifteen (15)(A) of Count II as if set fourth

-20-

morefully herein in heca Verba and in addition
alleges:

17. Plaintiff contends that adult and/or elderly
abuse is an intentional act, or failure to act, by a
caregiver or another person in a relationship
involving an expectation of trust that causes or
creates a risk of harm to an older adult/elderly.
(An older and elderly adult is defined as someone
age 60 or older). Defendant John Doe has commited
adult and/or elderly abuse.

18. Furthermore, Defendants each failed
to provide a health care plan and/or any sort
of safety precautions. In addition Plaintiff
incorporates parg fourteen (14) of Count II.

THEREFORE, Plaintiff can prove adult/
elderly abuse resulting in injury and damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request
that this Honorable Court enter judgment against
each Defendant jointly, severally and individually
in the following manner, To WIT!

1. Plaintiff request actual compensatory
damages in the sum which will later be shown through

-21-

medical bills for:

    (A) Emergancy medical bills;
    (B) Hospital bills;
    (C) Medical treatment bills;
    (D) Doctor bills;
    (E) Rehabilitation bills;
    (F) Ambulance bills.


2. Plaintiff request $75,000, in general damages for:

    (A) Loss of enjoyment of life;
    (B) Pain and suffering for seizure;
    (C) Mental and emotional anguish;
    (D) Emotional distress;
    (E) Emotional trauma;
    (F) Fear, fright, anger, worry, loss of
        sleep;
    (G) Failure to train;
    (H) Negligent Caregiver;
    (I) Breach of Contract and agreement;
    (J) Intentional Violation of Title III of The
        Americans Disability Act (ADA);
    (K) Creating homelessness;
    (L) Denied public services and
        accommodations.

3. Plaintiff request $75,000 in punitive damages:

(A) To punish Defendants for their outrageous Conduct and/or to reform or deter the Defendants and others from engaging in Conduct similar to that which formed the basis of this lawsuit.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

COMES NOW the Plaintiff acting pro se and left to fend for himself for Count IV, States, alleges and avers as follows, To WIT:

19. Plaintiff restates, realleges and reavers each and every allegation contained within his statement of Claim, his statement of facts and parg two (2); parg three (3) - (A) thru (F), parg four (4); parg five (5); parg six (6); parg seven (7); parg eight (8) and parg nine (9) of Count I; in addition parg twelve (12); parg thirteen (13); parg fourteen (14) and parg fifteen (15) - (A) of Count II and parg seventeen (17) of Count III as if set fourth morefully herein in heca Verba and in addition alleges:

20. Plaintiff Contends a fiduciary duty

-23-

as an legal and/or ethical relationship of trust
and to take care of Plaintiff's medical needs,
Defendant John Doe had an obligation to do
what Defendants say they will do. In other words
Defendants fiduciary responsibility refers to the
medical obligation that Defendants had in
relationship with Plaintiff to act entirely on the
Plaintiff's behalf and best interest and the facts
are they failed to do so.

21. That as a direct and proximate result
of Defendants actions and/or inactions Plaintiff
had a seizure and sustained injuries and damages.
Plaintiff became depressed, sustained mental and
emotional stress, resulting in homelessness and
brought on suicide thoughts. Plaintiff was then
hospitalized. In addition Plaintiff incorporates
para fourteen (14) of Count II.

THEREFORE, Plaintiff can prove Breach
of fiduciary duty resulting in injury and damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request
that this Honorable court enter judgment against
each Defendant jointly, severally, and individually
in the following manner, To WIT:

1. Plaintiff request actual compensatory damages in the sum which will later be shown through medical bills for:

    (A) Emergancy medical bills;
    (B) Hospital bills;
    (C) Medical treatment bills;
    (D) Doctor bills;
    (E) Rehabilitation bills;
    (F) Ambulance bills.

2. Plaintiff request $75,000, in general damages for:

    (A) Loss of enjoyment of life;
    (B) Pain and suffering for seizures;
    (C) Mental and emotional anguish;
    (D) Emotional distress;
    (E) Emotional trauma;
    (F) Fear, fright, anger, worry, loss of sleep;
    (G) Failure to train;
    (H) Negligent Caregiver;
    (I) Breach of Contract and agreement;
    (J) Intentional Violation of Title III of the Americans Disability Act (ADA);
    (K) Creating homelessness;
    (L) Denied public services and accommodations.

3. Plaintiff request $75,000, in punitive damages:

(A) To punish Defendants for their outrageous conduct and/or to reform or deter the Defendants and others from engaging in conduct similar to that which formed the basis of this lawsuit

## COUNT V
### MEDICAL NEGLICT

COMES NOW the Plaintiff acting pro se and left to fend for himself for Count V, states, alleges and avers as follows, To WIT:

22. Plaintiff restates, realleges and reavers each and every allegation contained within his Statement of Claim, his Statement of Facts and parg two (2); parg three (3); (A) thru (F), parg four (4); parg five (5); parg six (6); parg seven (7); parg eight (8) and parg nine (9) of Count I, in addition parg twelve (12); parg thirteen (13); parg fourteen (14) and parg fifteen (15) (A) of Count II and parg seventeen (17) of Count III, parg twenty (20) and twenty one (21) of Count IV as if set fourth more fully herein in heca Verba and in addition alleges:

23. Plaintiff Contends Defendant John Doe's actions and/or inactions establish medical neglect as alleged within all allegation refered to in parg twenty two (22) hereabove Count V.

24. Defendant John Doe owed a legal duty to Plaintiff under circumstances.

25. Defendant breached that legal duty by neglecting Plaintiff's medical needs such as refussing to let Plaintiff get their ("Defendants") ride to his Doctor, get his seizure medication refiled and his highblood presure medication.

26. Defendants medical neglect just alleged hereabove, parg twenty five (25) caused Plaintiff to have a seizure.

27. Plaintiff Contends medical neglect is a substandard care that be provided by Defendants to the Plaintiff which has directly caused Plaintiff's seizure...his injury. Furthermore, the same caused an existing condition to get worse, thus Plaintiff's fear, worry, anger and suicidal thoughts all of which did reoccur.

28. Plaintiff Contends the 3 elements of medical neglect are properly stated.

29. Defendants Jesus House and Defendant Mike Bateman failed to have Defendant John Doe trained as a caregiver.

30. Plaintiff contends that the fact he was denied public services and accommodations as he expected from Defendants establish medical neglect, Violation of his rights under Title III of the Americans Disability Act (ADA) and establish a federal and state claim.

31. Plaintiff contends Defendant John Doe withholding medical treatment is in fact medical neglect and is the direct cause of his seizure, his emotional, mental and physical injuries and damages.

32. Plaintiff contends that Defendant John Doe's actions and/or inactions caused his depression, stress, caused his homelessness and brought on his existing injuries of suicidal thoughts. In addition Plaintiff incorporates parg Fourteen (14) of Count II.

THEREFORE, Plaintiff can prove medical neglict resulting in injury and damages.

-28-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment against each Defendant jointly, severally and individually in the following manner, To WIT:

1. Plaintiff request actual compensatory damages in the sum which will later be shown through medical bills for:

(A) Emergancy medical bills;
(B) Hospital bills;
(C) Medical treatment bills;
(D) Doctor bills.
(E) Rehabilitation bills;
(F) Ambulance bills

2. Plaintiff request $75,000, in general damages for:

(A) Loss of enjoyment of life;
(B) Pain and suffering for Seizures;
(C) Mental and emotional anguish;
(D) Emotional distress;
(E) Emotional trauma;
(F) Fear, fright, anger, worry, loss of sleep.
(G) Failure to train;

-29-

(H) Negligent caregivery;

(I) Breach of Contract and agreement;

(J) Intentional Violation of Title III of the Americans Disability Act (ADA);

(K) Creating homelessness;

(L) Denied public Services and accommodations.

3. Plaintiff request $75,000, in punitive damages:

(A) To punish Defendants for their outrageous conduct and/or to reform or deter the Defendants and others from engaging in Conduct Similar to that which formed the basis of this lawsuit.

## COUNT VI
## BREACH OF DUTY TO CARE

COMES NOW the Plaintiff acting pro se and left to fend for himself for Count VI, states, alleges and avers as follows, To WIT:

33. Plaintiff restates, realleges and reavers each and every allegation Contained within his Statement of Claim, his statement of facts and parg two (2); parg three (3)-(A) thru (F);

parg Four (4); parg Five (5); parg Six (6); parg Seven (7); parg eight (8), and parg nine (9) of Count I, in addition parg twelve (12); parg thirteen (13); parg fourteen (14) and parg fifteen (15)-(A) of Count II and parg Seventeen (17) of Count III, parg twenty (20) and twenty one (21) of Count IV and pargs twenty three (23) through thirty two (32) of Count V as if set fourth morefully herein in heca Verba and in addition alleges:

34. A breach of duty of Care occurs when one Fails to Fulfill his or her duty of Care to act reasonably in some aspect. Upon reading all the allegations herecbove pargs thirty one (31) and thirty two (32) of Count V it is clear Plaintiff has legal Support for Count VI.

35. Plaintiff contends a breach of duty of Care occurs when one fails to fulfill his or her duty of Care to act reasonably in some aspect. It is a medical and legal fact Defendant John Doe refussing to get his seizure medication is a failure to Fulfill his duty of Care. Furthermore he did not act reasonably.

36. Plaintiff contends when Defendants accepted him into their program they then took on a duty of Care.

37. Defendant John Doe's Conduct was wrongful, reckless and wantonly Knowing his Conduct was likely to Cause Plaintiff to have a Seizure,

likely to result in death and/or grievous bodly harm to Plaintiff. The same an intentional disregard of the safety for the Plaintiff.

38. Plaintiff incorporates adult and elderly abuse as alleged in Count II and *Breach of duty to Care* in Count VI in that Defendants intentional act, or failure to act shows Defendants did cause or create a risk of harm. Furthermore, Defendant John Doe failed to provide a health care plan and/or any sort of safety precautions.

39. Defendant Jesus House and Defendant Mike Bateman failed to have Defendant John Doe trained in the duty of Care.

40. Plaintiff contends that the fact he was denied public services and occommondations they violated Title III of The Americans Disability Act (ADA) and breach their duty of Care.

41. Defendants Jesus House and Defendant Mike Bateman are liable for Defendant John Doe's acts of ommission under respondeat superior as well as vicarious liability for Defendant John Doe's acts of ommissions.

THEREFORE, Plaintiff can prove breach of duty to Care resulting in injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment against each Defendant jointly, severally and individually in the following manner, TO WIT:

1. Plaintiff request actual compensatory damages in the sum which will later be shown through medical bills for:

(A) Emergency medical bills;
(B) Hospital bills;
(C) Medical treatment bills;
(D) Doctor bills;
(E) Rehabilitation bills;
(F) Ambulance bills

2. Plaintiff request $75,000, in general damages for:

(A) Loss of enjoyment of life;
(B) Pain and suffering for seizures;
(C) Mental and emotional anguish;
(D) Emotional distress;
(E) Emotional trauma;
(F) Fear, fright, anger, worry, loss of sleep;
(G) Failure to train;

(H) Negligent Caregiver;
(I) Breach of Contract and agreement;
(J) Intentional Violation of Title III of the
    Americans Disability Act (ADA);
(K) Creating homelessness;
(L) Denied public services and
    accommodations.

3. Plaintiff request #75,000, in punitive
damages:

(A) To punish Defendants for their
    Outrageous Conduct and/or to
    reform or deter the Defendants
    and others from engaging in Conduct
    Similar to that which formed the
    basis of this lawsuit.

COUNT VII
RECKLESS ENDANGERMENT

COMES NOW the Plaintiff acting pro se and
left to fend for himself for Count VII, states, alleges and
avers as follows, TO WIT:

42 Plaintiff restates, realleges and reavers
each and every allegation Contained within his
Statement of Claim, his statement of facts
and parg two (2); parg three (3) - (A) thru (F);

pargs four (4) thru nine (9) of Count I, in addition
pargs twelve (12) thru fifteen (15)-(A) of Count II
and parg seventeen (17) of Count III, and pargs
twenty (20) and twenty one (21) of Count IV and
pargs twenty three (23) through thirty two (32) of
Count V and parg thirty four (34) thru parg fourty one
(41) of Count VI as if set fourth morefully herein
in heca Verba and in addition alleges:

43. Plaintiff contends each and every
allegation refered to hereabove, parg fourty two
(42) is factual proof of their reckless endangerment.

44. Plaintiff contends Defendants did
create a substantial risk of serious physical
injury to the Plaintiff. By Defendants actions and/or
inactions just refered to hereabove parg fourty two
(42), Defendants did act in a way that proves a
disregard for the foreseable consequences of their
actions and/or inactions... thus Plaintiff's Grand
Mal seizures.

45. Defendant's conduct was wrogful,
reckless and wanton knowing the same was
likely to produce death and/or grievances bodly
harm to Plaintiff. The same os their intentional
disregard of the safety for the Plaintiff.

-35-

## IN CONCLUSION

Defendants knew or should have known that Plaintiff's Grand Mal Seizures cause violent muscle contractions, loss of consciousness, body stiffens, jerking, shacking and placing him on a bed bunk on the top which was 5 feet high off the ground would cause fear of falling, physical injury, and when not given his seizure medication or his highblood presure medication he did fear physical harm which he or anyone should go through.

That within 24 hours of being denied public serves and public accommonahations which Defendants offer Plaintiff's emotional and mental state of mind to him to leave and seek outside medical attention.

That it must be noted Plaintiff contends each Count hereinabove, Count I thru Count VII support Federal and state claims.

Respectfully submitted,
By: Matthew W. Barnett
Matthew W. Barnett
437866 E. HWY 60 Apt 112
Vinita, OK 74301

CERTIFICATE OF SERVICE

I, Matthew W. Barnett the Plaintiff hereby States that on this 6TH day of February, 2020 ☒ Caused to be served upon all Defendants a true and correct Copy of this Complaint for a Civil Case by Certified mail, proper postage prepaid to the address of 1335 Sheridan Ave Oklahoma City, OK 73106.

Respectfully requested,
By: Matthew W Barnett
Matthew W. Barnett
Apt# 112
437866 E. Hwy 60
Vinita, OK 74301

-37-